COOLEY GODWARD LLP
KENNETH J. ADELSON (44760)
CHARLES M. SCHAIBLE (173107)
KENNETH B. OPLINGER (219095)
One Maritime Plaza
20th Floor
San Francisco, CA  94111-3580
Telephone:   (415) 693-2000
Facsimile:    (415) 951-3699

Attorneys for Plaintiff
LUKE CALSIUS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LUKE CALSIUS,<br><br>         Plaintiff,<br><br>     v.<br><br>HAROLD DUBAY; JOYCE DUBAY; MICHAEL HENNESSEY, Sheriff of San Francisco County; and DOES 1 through 20, inclusive,<br><br>         Defendants. | Case No. C-04-0418<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1.   By this Complaint, Plaintiff Luke Calsius seeks an injunction prohibiting his eviction in violation of federal and state statute and the Fifth and Fourteenth Amendments to the United States Constitution, and damages to redress the discriminatory housing practices of Defendants Harold and Joyce Dubay.

### JURISDICTION

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (deprivation of civil rights). This Court has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367 because

| | |
|---|---|
| 1 | COOLEY GODWARD LLP |
| | KENNETH J. ADELSON (44760) |
| 2 | CHARLES M. SCHAIBLE (173107) |
| | KENNETH B. OPLINGER (219095) |
| 3 | One Maritime Plaza |
| | 20th Floor |
| 4 | San Francisco, CA  94111-3580 |
| | Telephone:    (415) 693-2000 |
| 5 | Facsimile:     (415) 951-3699 |
| 6 | Attorneys for Plaintiff |
| | LUKE CALSIUS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LUKE CALSIUS,

        Plaintiff,

    v.

HAROLD DUBAY; JOYCE DUBAY; MICHAEL HENNESSEY, Sheriff of San Francisco County; and DOES 1 through 20, inclusive,

        Defendants.

Case No. C 04-0418

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. By this Complaint, Plaintiff Luke Calsius seeks an injunction prohibiting his eviction in violation of federal and state statute and the Fifth and Fourteenth Amendments to the United States Constitution, and damages to redress the discriminatory housing practices of Defendants Harold and Joyce Dubay.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (deprivation of civil rights). This Court has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367 because

those claims are so related to his federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

3. Venue is proper in the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

4. This matter is properly assigned to the San Francisco Division of the United States District Court for the Northern District of California because the events giving rise to the claims asserted herein took place in San Francisco and the property involved is located in San Francisco.

## PARTIES

5. Plaintiff Luke Calsius is a citizen of the United States residing at 30 Ord Court in the State of California, City and County of San Francisco.

6. Defendant Harold Dubay is a citizen of the United States, a resident of the State of California, City and County of San Francisco, and an owner of the premises located at 30 Ord Court in San Francisco.

7. Defendant Joyce Dubay is a citizen of the United States, a resident of the State of California, City and County of San Francisco, and an owner of the premises located at 30 Ord Court in San Francisco.

8. Defendant Michael Hennessey is, and at all pertinent times was, the Sheriff of San Francisco County, and is sued in his official capacity.

9. The true names and capacities of the Defendants sued herein under the fictitious names of Does 1 through 20, inclusive, are unknown to Calsius at this time. Calsius is informed and believes that these fictitiously-named defendants are responsible for the conduct alleged and liable to Calsius on the basis of the same allegations made herein against the named Defendants. Calsius will seek leave to amend this Complaint to insert the true names and capacities of the fictitiously-named Defendants when they are ascertained.

## SUMMARY OF FACTS

10. Calsius is a 51-year-old gay man who has been HIV positive, with symptoms of AIDS, since at least 1994. Because Calsius is disabled, his sole sources of income are the generosity of his friends and family and the approximately $780 he receives each month as Supplemental Security Income from the Social Security Administration.

11. Calsius has resided at 30 Ord Court, which is subject to the rent control and other provisions of Section 37 of the San Francisco Administrative Code, since 1983. He presently leases Apartments 4 and 8 at 30 Ord Court pursuant to rental agreements executed in 1995 and 1999 between himself, as lessee, and Harold Dubay, as lessor (the "Rental Agreements").

12. In or about 2000, Calsius joined with Ronald Depontes and Miguel Galindo, who resided in Apartment 5 at 30 Ord Court, to form what they have characterized as a family, the purpose of which was to provide mutual emotional and financial support to its members. To that end, the three pooled their available funds in a bank account nominally maintained by Calsius, who paid the rent each month for Apartments 4, 5, and 8 with a check or checks drawn on that account.

13. In 2003, Calsius and the Dubays became involved in a dispute over the rent charged by the Dubays for parking at 30 Ord Court. In May 2003, Calsius informed the Dubays that he intended to file a tenant petition before the San Francisco Residential Rent Stabilization & Arbitration Board. (Calsius filed that petition on June 12, 2003; a hearing was held on August 26, 2003, and a decision adverse to Calsius was entered on September 12, 2003.)

14. On May 8, 2003, Calsius, through his physician, requested that the Dubays relax the no-pet covenant in the Rental Agreements to permit him to have a companion animal deemed by that physician to be necessary to his emotional health. Receiving no response from the Dubays, and knowing that other tenants had pets, Calsius acquired a dog from a local humane society.

15. In June 2003, the Dubays retained a lawyer and commenced an attempt to evict Calsius, Depontes, and Galindo from 30 Ord Court. With respect to Calsius, that attempt included, but was not limited to, the following acts:

(a) On July 25, 2003, the Dubays filed a lawsuit against Calsius in San Francisco County Superior Court seeking, among other relief, a declaration that he was not a proper tenant in occupancy of Apartment 4. This lawsuit, served on Calsius in August 2003, was preceded and accompanied by numerous letters demanding that he consent to an increase in the monthly rent on Apartment 4 to $2000, up from $555, although the Dubays were fully aware that his monthly income was far less than this amount.

(b) On August 18, 2003, the Dubays returned the rent checks timely tendered by Calsius for the months of June, July, and August 2003 on the pretext that they included rent for Apartment 5, although Calsius' Rental Agreements were silent as to the method and form of rent payment and his checks indisputably tendered the full amount of rent due on all three apartments. On that same date, the Dubays served Calsius with Three Day Notices to Pay Rent or Quit for both Apartment 4 and 8.

(c) On September 8, 2003, Harold Dubay summoned the police to 30 Ord Court and caused Calsius to be arrested on a charge of assault. (Both Calsius and Depontes, who was with Calsius at the time, deny that any such assault occurred.)

(d) On September 11, 2003, the Dubays served Calsius with additional Three Day Notices to Pay Rent or Quit and Three Day Notices to Quit pertaining to Apartments 4 and 8. With those notices, the Dubays returned the rent check tendered by Calsius for September 2003 on the continuing pretext that it contained too much rent.

(e) On or about September 30, 2003, the Dubays commenced an action for unlawful detainer (the "Unlawful Detainer Action") against Calsius in San Francisco County Superior Court seeking possession of Apartments 4 and 8.

16. In the course of the Unlawful Detainer Action, the Dubays filed papers, produced documents, and provided discovery responses evidencing that their harassment and eviction of Calsius was motivated by discriminatory intent arising from his disability and from the disability, race, and national origin of his associates.

17. With respect to Calsius' disability, evidence of the Dubays' discriminatory intent includes, but is not limited to, the following statements:

(a) A document authored by Joyce Dubay includes in a list of grounds on which the Dubays hoped to evict Calsius the statement: "We believe that he has Aids [sic] disease."

(b) In a verified interrogatory response, Harold Dubay included among the grounds on which he sought to evict Calsius the latter's possession of a companion animal, and, on December 12, 2003, the Dubays noticed and conducted a purported "inspection" of Calsius' dog pursuant to section 2031 of the California Code of Civil Procedure.

(c) In the Three Day Notice to Quit served in support of the Unlawful Detainer Action, the Dubays mocked Calsius' disability by gratuitous references to his "lunacy" and "paranoia" and, in other papers, by repeated reference to his "purported" or "alleged" disability, despite the fact that they were in possession of medical documents attesting to that disability.

18. With respect to the disability, race, and national origin of Calsius' associates, evidence of the Dubays' discriminatory intent includes, but is not limited to, the following statements:

(a) In a verified interrogatory response, Harold Dubay objected to Calsius' association with Depontes and Galindo on the ground that they are, among other things, "perhaps HIV+ with symptoms."

(b) In a verified interrogatory response, Harold Dubay objected to Calsius' association with "a dark-haired man from another country who Luke Calsius met at a 'sex' meeting" and referred with distaste to the prospect that "more persons (of the above type)" might come to occupy his premises.

(c) In a verified interrogatory response, Harold Dubay objected to Calsius' association with "an unknown stranger who looked Arab or Islamic."

(d) In deposition testimony, Harold Dubay objected to Calsius' association with "a big colored guy, big sucker."

(e) In papers filed and served in the Unlawful Detainer Actions, the Dubays repeatedly made gratuitous and derogatory reference to Calsius' "boyfriend" or "boyfriends."

19. Trial of the Unlawful Detainer Action commenced on December 29, 2003. Pursuant to California law, evidence of the Dubays' discriminatory housing practices was not admissible in that action. On January 26, 2004, the trial court entered judgment in favor of the Dubays. It is thus apparent that, if immediate relief is not granted, Calsius will be evicted from his home of 20 years before the claims stated in this Complaint can be heard.

### FIRST CAUSE OF ACTION
### (Against All Defendants)
### VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS

20. Calsius realleges, and incorporates by reference herein, each allegation contained in Paragraphs 1 through 19 of this Complaint.

21. Defendants' threatened eviction of Calsius, before he is able to obtain a hearing on the claims of housing discrimination set forth in this Complaint, violates the Fifth and Fourteenth Amendments to the United States Constitution.

22. As a result of Defendants' acts, Calsius has suffered, and if immediate relief is not obtained will continue to suffer, irreparable injury through eviction from his home of 20 years and forfeiture of his rights under the Rental Agreements.

23. Accordingly, Calsius seeks injunctive relief, monetary damages, and attorneys' fees as prayed for below.

### SECOND CAUSE OF ACTION
### (Against All Defendants)
### VIOLATION OF CIVIL RIGHTS ACT, 42 U.S.C. § 1983

24. Calsius realleges, and incorporates by reference herein, each allegation contained in Paragraphs 1 through 23 of this Complaint.

25. Defendants have acted, and continue to act, in concert under color of state law to violate, and continue to violate, Calsius' rights under the Fifth and Fourteenth Amendments to the United States Constitution.

26. As a result of Defendants' acts, Calsius has suffered, and if immediate relief is not obtained will continue to suffer, irreparable injury through eviction from his home of 20 years and forfeiture of his rights under the Rental Agreements.

1  27. Accordingly, Calsius seeks injunctive relief, monetary damages, and attorneys' fees as prayed for below.

### THIRD CAUSE OF ACTION
### (Against Joyce and Harold Dubay)
### VIOLATION OF FAIR HOUSING ACT, 42 U.S.C. § 3601 ET SEQ.

28. Calsius realleges, and incorporates by reference herein, each allegation contained in Paragraphs 1 through 19 of this Complaint.

29. Harold and Joyce Dubay are the owners of a dwelling, within the meaning of 42 U.S.C. § 3604, located at 30 Ord Court in San Francisco.

30. Calsius, a disabled man with AIDS, is a member of groups protected by 42 U.S.C. § 3604.

31. Harold and Joyce Dubay have acted in violation of 42 U.S.C. § 3604 by harassing and attempting to evict Calsius from 30 Ord Court because of his disability and the disability, race, and national origin of his associates.

32. Harold and Joyce Dubay have acted in violation of 42 U.S.C. § 3604 by refusing to make a reasonable accommodation in the rules and policies governing 30 Ord Court so as to permit Calsius an equal opportunity to use and enjoy his dwelling.

33. Calsius has been damaged, and if immediate relief is not obtained, will suffer irreparable injury as a result of the Dubays' discriminatory acts. Accordingly, Calsius seeks injunctive relief, monetary damages, and attorneys' fees as prayed for below.

### FOURTH CAUSE OF ACTION
### (Against Joyce and Harold Dubay)
### VIOLATION OF CALIFORNIA FEHA, CAL. GOV. CODE § 12920 ET SEQ.

34. Calsius realleges, and incorporates by reference herein, each allegation contained in Paragraphs 1 through 19 of this Complaint.

35. Harold and Joyce Dubay are the owners of a housing accommodation within the meaning of Section 12955(a) of the California Government Code.

36. Calsius, a disabled man with AIDS, is a member of groups protected by Section 12955(a) of the California Government Code.

37. Harold and Joyce Dubay have acted in violation of Section 12955(a) of the California Government Code by discriminating against and harassing Calsius because of his disability.

38. Harold and Joyce Dubay have acted in violation of Sections 12955(a) and 12955(m) of the California Government Code by discriminating against and harassing Calsius because of the disability, race, and national origin of his associates.

39. In harassing and discriminating against Calsius, the Dubays' conduct was malicious and oppressive within the meaning of section 3294 of the California Civil Code.

40. Calsius has been damaged, and if immediate relief is not obtained, will suffer irreparable injury as a result of the Dubays' discriminatory acts. Accordingly, Calsius seeks injunctive relief, monetary damages, and attorneys' fees as prayed for below.

### FIFTH CAUSE OF ACTION
### (Against Joyce and Harold Dubay)
### VIOLATION OF UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE § 51

41. Calsius realleges, and incorporates by reference herein, each allegation contained in Paragraphs 1 through 19 of this Complaint.

42. Harold and Joyce Dubay operate a business establishment within the meaning of Section 51(b) of the California Civil Code.

43. Calsius, a disabled man with AIDS, is a member of groups protected by Section 51 of the California Civil Code.

44. Harold and Joyce Dubay have arbitrarily and intentionally discriminated against Calsius in violation of Section 51 of the California Civil Code by attempting wrongfully to evict him from 30 Ord Court because of his disability and the disability, race, and national origin of his associates.

45. Calsius has been damaged, and if immediate relief is not obtained, will suffer irreparable injury as a result of the Dubays' discriminatory acts. Accordingly, Calsius seeks injunctive relief, monetary damages, and attorneys' fees as prayed for below.

### SIXTH CAUSE OF ACTION
### (Against Joyce and Harold Dubay)
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Calsius realleges, and incorporates by reference herein, each allegation contained in Paragraphs 1 through 19 of this Complaint.

47. By intentionally discriminating against, harassing, and attempting wrongfully to evict Calsius, Harold and Joyce Dubay have intentionally caused him to suffer severe emotional distress. Because their conduct in so doing was unreasonable and outrageous, the Dubays knew, or recklessly disregarded the probability, that it would cause severe emotional distress to Calsius.

48. In discriminating against, harassing, and attempting wrongfully to evict Calsius, the Dubays' conduct was malicious and oppressive within the meaning of Section 3294 of the California Civil Code.

49. Calsius has suffered severe emotional distress as a direct and proximate result of the Dubays' intentional and outrageous conduct.

### PRAYER

WHEREFORE, Calsius prays for relief as follows:

**ON HIS FIRST AND SECOND CAUSES OF ACTION**

1. Injunctive relief prohibiting the Dubays and Hennessey from executing on or otherwise attempting to enforce the unlawful detainer judgment;

2. Compensatory damages according to proof at trial;

3. Attorneys' fees and costs according to statute;

**ON HIS THIRD CAUSE OF ACTION**

4. Compensatory damages according to proof at trial;

5. Injunctive relief prohibiting the Dubays from harassing or wrongfully attempting to evict Calsius;

6. Attorneys' fees and costs according to statute;

**ON HIS FOURTH CAUSE OF ACTION**

7. Compensatory damages according to proof at trial;

8. Exemplary and punitive damages;

9. Injunctive relief prohibiting the Dubays from harassing or wrongfully attempting to evict Calsius;

10. Attorneys' fees and costs according to statute;

**ON HIS FIFTH CAUSE OF ACTION**

11. Compensatory damages according to proof at trial;

12. Injunctive relief prohibiting the Dubays from harassing or wrongfully attempting to evict Calsius;

13. Attorneys' fees and costs according to statute;

**ON HIS SIXTH CAUSE OF ACTION**

14. Compensatory damages according to proof at trial;

15. Exemplary and punitive damages.

**ON ALL CAUSES OF ACTION**

16. Such other relief as the Court deems just and proper.

Dated: January 29, 2004

COOLEY GODWARD LLP

*/s/ C. M. Schaible*

Charles M. Schaible

ATTORNEYS FOR PLAINTIFF
LUKE CALSIUS

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: January 29, 2004

COOLEY GODWARD LLP

*/s/ C. M. Schaible*
Charles M. Schaible

ATTORNEYS FOR PLAINTIFF
LUKE CALSIUS

872333 v1/SF
$P3H01!.DOC

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES; DEMAND FOR JURY TRIAL